E-FILED
Tuesday, 09 October, 2018  03:45:56 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

MONICA HAWKINS,             )
                                   )
         Plaintiff,         )
                                   )
v.                              )
                                 )     Case No.
VERMILION COUNTY HOUSING  )
AUTHORITY,                )     **<u>JURY TRIAL DEMANDED</u>**
Serve At:                 )
601 S. Chicago Street      )
Rossville, IL 60963        )
                                 )
         Defendant.     )

## <u>COMPLAINT</u>

COMES NOW the Plaintiff, Monica Hawkins ("Plaintiff"), by and through her attorneys, and alleges the following against Vermilion County Housing Authority ("Defendant"):

1. This case is brought by Plaintiff against Defendant. Plaintiff seeks monetary damages to redress the deprivation of Rights accorded to Plaintiff under the Civil Rights Act, 42 U.S.C. §1981 ("§1981"), and 42 U.S.C. §2000(e) *et seq.* ("Title VII").

## JURISDICTION AND VENUE

2. The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

3. Both jurisdiction and venue are proper in this Court, because federal questions are involved, and because, the unlawful employment practices were committed

within this judicial circuit.  Jurisdiction and venue are therefore proper in this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1391(b).

4.  At all times mentioned herein, all of Defendant's employees were acting within the scope of their employment with Defendant in furtherance of its business

## PARTIES

5.  Plaintiff Monica Hawkins (hereinafter sometimes referred to as "Plaintiff") was an employee of Defendant Vermilion County Housing Authority (hereinafter sometimes referred to as "Defendant") and was subjected to severe and pervasive race, gender, religion, age, disability retaliation and discrimination by one or more agents and/or employees of Defendant, including, but not limited to, R.M. Jackson (hereinafter sometimes referred to as "Jackson").

6.  Plaintiff is a resident of the State of Missouri.

7.  Defendant is a housing authority licensed to operate in the State of Illinois, with its principal place of business at601 S. Chicago St., Rossville, IL 60963.

8.  Defendant has 6 or more employees on all relevant dates contained herein.

9.  At all times relevant herein, Defendant has engaged in interstate commerce, done business in the State of Illinois, and has been an employer within the meaning of 42 U.S.C. §2000(e) *et seq.* ("Title VII").

10.  Plaintiff is under information and belief that, at all times relevant herein, Plaintiff's supervisor during her employment with Defendant, R.M. Jackson, had the ability to make significant changes in Plaintiff's employment status, such as hiring, firing, failing

to promote, and/or reassigning Plaintiff to a new position with significantly different responsibilities.

11.     Plaintiff is under information and belief that Jackson is a resident of the State of Illinois.

## CONDITION PRECEDENT

12.     The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

13.     On or about June 12, 2017, Plaintiff timely filed – with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission – a Charge of Discrimination against Defendant on the basis of race, sex, religion, retaliation, age, and disability. A copy of said charge of discrimination is attached hereto, marked as "Plaintiff's Exhibit 1," and is hereby incorporated as if fully set forth herein.

14.     Plaintiff received one Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") on or about June 12, 2018. A copy of Plaintiff's Notice of Right to Sue from the EEOC is attached hereto, marked as "Plaintiff's Exhibit 2," and is hereby incorporated as if fully set forth herein.

15.     The aforesaid charge of discrimination provided the IDHR and the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be, and is, as broad as the scope of an IDHR or EEOC investigation that could reasonably be expected to have grown out of the charge of discrimination.

16.     Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and this Petition was filed within the applicable statute of limitations.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

17.     The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

18.     On or about August 10, 2016 Plaintiff began her employment at Defendant VCHA as an Administrative Support Assistant.

19.     Upon being hired, Plaintiff informed Defendant VCHA of her disabilities resulting from a vehicular accident in 2009. Her ailments include, but are not limited to:

    a.  Brain trauma resulting from a severe concussion

    b.  Color blindness in left eye

    c.  Dyslexia

    d.  Linguistic disorder causing her to stutter and requiring her to re-learn English

    e.  Damage to her spine, arms, and legs

20.     On her first day working at Defendant VCHA, she was immediately harassed by her supervisor, Executive Director R.M. Jackson (hereinafter sometimes referred to as "Jackson").

21.     That day, Jackson handed Plaintiff a manila file folder with a document inside it titled "How to be in a Relationship with an Alpha Woman" that Jackson referred to as her "manifesto".

22.     After very briefly investigating the document, Plaintiff threw it in the trash.

23.    Later that evening, Jackson recovered the document from the trash can, and brought it back to Plaintiff saying "You forgot something. This is where we are."

24.    Plaintiff again placed the document in the trash and immediately asked Jackson to cease her harassing behavior, and informed her that she was not attracted to women.

25.    Despite Plaintiff's wishes to the contrary, Jackson again brought the document back to Plaintiff later that same day.

26.    Jackson's harassing behavior towards Plaintiff continued as on numerous occasions Jackson would purposefully brush her breasts or buttocks against Plaintiff's body while they were in the office together.

27.    Plaintiff also frequently caught Jackson staring at Plaintiff's body and despite Plaintiff's requests to stop, Jackson refused to do so.

28.    And, despite the typically high summer temperatures outside, on a few occasions Jackson turned the heater on and summoned Plaintiff to her office.

29.    Despite Jackson's obvious ploy to get Plaintiff to remove articles of clothing, Plaintiff was forced to suffer through the resulting heat to avoid appeasing Jackson's harassing desires.

30.    Jackson also refused to give Plaintiff documents she needed, instead opting to make Plaintiff bend over her desk to look at the documents, so that Jackson could stare down Plaintiff's shirt.

31.     And, Jackson frequently made reference to Defendant VCHA's Commissioner Terry Prillaman's (hereinafter sometimes referred to as "Prillaman") genitalia.

32.     On another occasion in August, Jackson referred to Plaintiff as her "beautiful, human, yellow doll".

33.     Near the beginning of September 2016, Jackson approached Plaintiff and demanded that Plaintiff allow Jackson to live with her at her apartment for 30 days, or else she would be terminated.

34.     Plaintiff, under threat of losing her job, was forced to allow Jackson (who had been evicted from her own residence) to sleep in another room in Plaintiff's apartment.

35.     In the following weeks, Jackson's harassing conduct continued in the office and at Plaintiff's home.

36.     Jackson continued to repeatedly brush her breasts against Plaintiff's body, and frequently tried to touch all over Plaintiff's body, despite Plaintiff's objections.

37.     Sometimes, Jackson would call Plaintiff into her office on the pretense of fixing some vague computer problem, and when Plaintiff would attempt to fix the problem, Jackson would stand over her as close as possible and try to "stroke" her body.

38.     Other times, Jackson would place pens in her mouth and move them in and out in a sexually suggestive manner.

39.     Not only that, but Jackson's habit of licking her lips while looking up and down at Plaintiff's body continued frequently over the following weeks.

40.     On one evening, Plaintiff was in her room in her apartment, sitting at her desk working on paperwork.

41.     All of the sudden, Plaintiff turns her head and sees Jackson walking backward into her room, bent over naked so as to completely expose her genitals.

42.     Understandably, Plaintiff tells Jackson to leave the room, and Jackson states that she was merely looking for a "green crayon".

43.     Near the end of September 2016, Plaintiff met with Liz Brewster (hereinafter sometimes referred to as "Brewster"), Defendant VCHA's Housing Programs Manager, to report Jackson's pattern of repeated harassment.

44.     Unfortunately, Brewster refused to help Plaintiff out of fear of retaliation by Jackson.

45.     After this, Plaintiff attempted to meet with the Executive Director of the City of Danville, Illinois' Housing Authority to discuss possible employment opportunities there.

46.     The Danville Housing Authority placed a return phone call to Plaintiff's office phone while she was out of the office.

47.     Jackson took the call as Plaintiff was out of the office that day, and immediately threatened to terminate Plaintiff's employment if she tried to contact the Danville Housing Authority again.

48.     After reporting Jackson's harassment, after repeatedly rejecting her unwanted advances, and after the Danville Housing Authority incident, Jackson began to treat Plaintiff differently in the workplace.

49.     At first, she hired a new temporary employee and had this new employee start doing tasks assigned to Plaintiff's position within Defendant VCHA.

50.     Then, when Plaintiff applied for permanent employee status (which Plaintiff was qualified for as she met the Federal criteria), Jackson denied her promotion, simply in retaliation for Plaintiff rejecting Jackson's advances.

51.     Around the beginning of October 2016, Plaintiff was so distraught over Jackson's treatment that Plaintiff began dressing as plainly as possible in an effort to minimize Jackson's temptation to harass her further.

52.     Despite this, Jackson's harassment continued at Plaintiff's apartment and in the office.

53.     Jackson, who was at this time (against the wishes of Plaintiff) still living in a spare room in Plaintiff's apartment, purchased a pair of neon yellow/green kitchen knives that exacerbated Plaintiff's disabilities and caused her severe headaches and nausea resulting from her prior brain injury.

54.     And, Jackson replaced Plaintiff's clear shower curtain with one that had bold designs and shapes so that whenever Plaintiff passed it, she would immediately develop a severe headache and typically lose her balance while standing.

55.     In the month of October Plaintiff was scheduled to attend three separate conferences as a representative of Defendant VCHA, but Jackson used her authority to prevent Plaintiff from attending the conferences, instead forcing her to remain in the VCHA office, further causing a loss of income.

56.     Jackson then began trying to sabotage Plaintiff's work product by withholding work materials that Plaintiff needed to carry out her job duties.

57.     Not only that, but Jackson began withholding entire projects/assignments from Plaintiff, so that Plaintiff would have nothing to work on and appear lazy to the executives.

58.     Jackson's sabotage went as far as cutting Plaintiff's work schedule drastically and continuing to refuse to provide her any work assignments.

59.     Finally, Jackson refused to pay Plaintiff for approximately two weeks of work in September, and for all of her work during the month of October.

60.     On or about October 24, 2016, Plaintiff returned to her home and found Jackson standing over a pot of chili on the stove, holding a bottle of Visine eye drops.

61.     Plaintiff was confused by this, but walked into another room in the apartment.

62.     Shortly after, Plaintiff ate a cup of the chili and became ill.

63.     Plaintiff's illness gradually worsened over the next week.

64.     Under continued fear of losing her job, Plaintiff returned to her home and did her best to avoid Jackson.

65.     On or around October 29, 2016, Jackson assaulted Plaintiff at her apartment by forcibly trying to grasp Plaintiff's breasts and pull on her nipples.

66.     After Plaintiff struggled out of Jackson's grip, Plaintiff called 911 to seek emergency assistance for the attack and sexual harassment at the hands of Jackson.

67.     Throughout the whole ordeal, Jackson repeatedly tried to rip the phone out of Plaintiff's hands to prevent her from contacting emergency services.

68.     On or about November 4, 2016, after her condition continued to worsen and upon drifting in and out of consciousness, Plaintiff traveled to the hospital where she was placed on an I.V., received various medication, and was told that if she had not sought treatment, she would have died.

69.     Within minutes of being released from the hospital, Plaintiff was served with an Order of Protection, filed by Jackson.

70.     Plaintiff is under information and belief that said Order of Protection was fraudulently filed by Jackson.

71.     In December, 2016, Plaintiff travelled to the hospital, this time to seek treatment for mental anxiety resulting from the attack.

72.     At a hearing to discuss this Order of Protection, Jackson informed the Judge that (unbeknownst to Plaintiff) she had fired Plaintiff on October 29.

73.     Later, on or around November 10, 2016, Plaintiff was notified by a lawyer for Defendant VCHA that she was terminated, but Plaintiff was not given a reason as to why she was terminated.

74. Plaintiff is under information and belief that she has been precluded from advancing due to her internal and external complaints of racial discrimination and harassment.

**COUNT I – RACE DISCRIMINATION**
**Violation under 42 U.S.C. §1981**

75.     The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

76.     Plaintiff, by virtue of her bi-racial race, is a member of a class of persons protected by 42 U.S.C. §1981.

77.     During the course of Plaintiff's employment, Defendant's representatives, including, but not limited to, R.M. Jackson, while acting within the scope and course of employment, engaged in a pattern and practice of intentional discrimination against Plaintiff based on her bi-racial race.

78.     At all times, the racially-harassing and –discriminatory conduct was severe and unwelcome.

79.     Defendant's harassment had the purpose and effect of unreasonably interfering with Plaintiff's work performance, thereby creating an intimidating, hostile and offensive working environment.

80.     Management level employees of Defendant, including Jackson, knew, or should have known, of the racial harassment and racial discrimination described herein, but failed to take appropriate remedial action.

81.     By failing to conduct a prompt, thorough and honest investigation of Plaintiff's allegations and of other witnesses, Defendant exacerbated the racially hostile environment and racial discrimination in Plaintiff's work place.

82.     As a result of the racial harassment and racial discrimination described herein, Plaintiff was terminated from her position as Administrative Support Assistant by Jackson.

83.     Plaintiff's bi-racial race was the motivating factor in the disparate treatment she suffered, and continues to suffer.

84.     Defendant, through its agents and employees, engaged in these discriminatory practices with malice and/or reckless indifference to Plaintiff's federally protected rights.

85.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff suffers, and will continue to suffer, damages, including, emotional distress, and inconvenience.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination and unlawful retaliation provided by 42 U.S.C. 1981; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert fees; and for such other and further relief the Court deems just and proper.

## COUNT II – RETALIATION
### Violation under 42 U.S.C. §1981

86.     The allegations contained within all aforementioned paragraphs are hereby realleged and incorporated as if fully set forth herein.

87.     As alleged herein, Plaintiff was discriminated against for engaging in protected activities including, but not limited to, Plaintiff's complaints concerning the discrimination and harassment she was subjected to during her employment with Defendant.

88.     By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff.

89.    As a result of engaging in said protected activities, Plaintiff has suffered – and continues to suffer – adverse employment actions as alleged in this Complaint.

90.    Plaintiff's reporting of harassment and discrimination was the motivating factor in suffering adverse employment actions.

91.    Defendant's retaliation against Plaintiff was committed with malice or reckless disregard of his federally protected rights.  Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

92.    Defendant's retaliatory actions against Plaintiff have caused her to suffer emotional distress, inconvenience, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful discrimination and unlawful retaliation provided by 42 U.S.C. 1981; for an award of compensatory and punitive damages; for her costs expended; for her reasonable attorneys' and expert' fees; and for such other and further relief the Court deems just and proper.

### COUNT III
### GENDER DISCRIMINATION: HOSTILE WORK ENVIRONMENT
### *Violation under 775 ILCS 5, et seq.*

93.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

94.    Plaintiff, by virtue of her female gender, is a member of a class of persons protected by the Illinois Human Rights Act, 775 ILCS 5 *et seq.* (IHRA).

95.     During the course of Plaintiff's employment with Defendant, Jackson subjected Plaintiff to severe and unwelcome conduct of a sexual nature based on Plaintiff's gender, including, but not limited to, that contained within this Petition.

96.     At all times, the sexually-offensive, -harassing, and -discriminatory conduct was severe, unwelcome, and objected to by Plaintiff.  Nonetheless, the conduct did not cease.

97.     The sexually-offensive, -harassing, and -discriminatory conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

98.     At the time the sexually-offensive, -harassing, and -discriminatory conduct occurred, and as a result of that conduct, Plaintiff believed her work environment to be hostile and/or abusive. The conduct adversely affected the terms, conditions, and/or privileges of Plaintiff's employment with Defendant.

99.     Defendant knew or should have known of the sexually-offensive, -harassing, and -discriminatory conduct by Defendant's employees, as Plaintiff had discussed the conduct with her Liz Brewster.

100.   Defendant failed to exercise reasonable care to prevent and promptly correct the sexually-offensive, -harassing, and -discriminatory conduct of its agents, including, but not limited to, one or both of the following:

   a. Failing to make good-faith efforts to enforce established company policies to prevent illegal discrimination against its employees, including gender harassment and discrimination; and/or

14

b. Failing to properly train and/or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the IHRA.

101.   Plaintiff's gender was a contributing factor in Defendant's disparate treatment of Plaintiff.

102.   As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of her gender, in violation of the IHRA – at the hands of Defendant during the course of her employment.

103.   As a direct and proximate result of Defendant's and its agents' actions and/or omissions, Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

104.   As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other non-medical bill related compensatory damages.

105.   By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

106.   As shown by the foregoing, Defendant' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter them and others from like conduct in the future.

107.   Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in the IHRA.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

### COUNT IV
### GENDER DISCRIMINATION: RETALIATION
#### *Violation under 775 ILCS 5, et seq.*

108.   The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

109.   As contained in this Petition, Plaintiff engaged in protected activities, including, but not limited to, that which is described herein.

110.   As a result of engaging in said protected activities, Plaintiff has suffered adverse employment actions, as alleged in this Petition.

111.   Plaintiff's engaging in said protected activities as set forth above was a contributing factor in suffering the adverse employment actions.

112.   As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of her engaging in the aforementioned protected activities, in violation of the IHRA – at the hands of Defendant during the course of her employment.

113.   As a direct and proximate result of Defendant' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

16

114.     As a direct and proximate result of Defendant' actions and/or omissions, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other non-medical bill related compensatory damages.

115.     By failing to take prompt and effective remedial action, Defendant Brewster, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

116.     As shown by the foregoing, Defendant' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter them and others from like conduct in the future.

117.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in the IHRA.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorney's fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT V
## GENDER DISCRIMINATION: TANGIBLE EMPLOYMENT ACTION
### *Violation under 775 ILCS 5, et seq.*

118.     The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

119.    Plaintiff was subjected to tangible employment actions including, but not limited, to that which is described herein.

120.    Plaintiff's gender was a contributing factor in suffering the tangible employment actions.

121.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of her gender, in violation of IHRA – at the hands of Defendant during the course of her employment.

122.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been, and continues to be, deprived of income, as well as other monetary and non-monetary benefits.

123.    As a direct and proximate result of Defendant' actions and/or omissions, Plaintiff has suffered, and continues to suffer, garden variety emotional distress and other non-medical bill related compensatory damages.

124.    By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

125.    As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter them and others from like conduct in the future.

126.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in the IHRA.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest; as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT VI
## AGE DISCRIMINATION: HOSTILE WORK ENVIRONMENT
### *Violation under 775 ILCS 5, et seq.*

127.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

128.    Plaintiff, by virtue of her age, is a member of a class of persons protected by the Illinois Human Rights Act.

129.    During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to severe and unwelcome conduct based on Plaintiff's age, including, but not limited to, that contained within this Petition.

130.    At all times, Defendant age-offensive, -harassing, and -discriminatory conduct was severe, unwelcome, and objected to by Plaintiff. Nonetheless, Defendant's conduct did not cease.

131.    The age-offensive, -harassing, and -discriminatory conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

132.    At the time the age-offensive, -harassing, and -discriminatory conduct occurred, and as a result of that conduct, Plaintiff believed the work environment to be hostile and/or abusive.  The conduct adversely affected the terms, conditions, and/or privileges of Plaintiff's employment with Defendant.

133.    Defendant knew or should have known of the age-offensive, -harassing, and -discriminatory conduct, as Plaintiff reported the conduct to Jackson.

134.    Defendant failed to exercise reasonable care to prevent and promptly correct the age-offensive, -harassing, and -discriminatory conduct, including, but not limited to, one or both of the following:

     a.  Failing to make good-faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including age harassment and discrimination; and/or

     b.  Failing to properly train and/or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the IHRA.

135.    Age was a contributing factor in Defendant' disparate treatment of Plaintiff.

136.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – based on age, in violation of the IHRA – at the hands of Defendant during the course of Plaintiff's employment.

137.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

138.    As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered – and continues to suffer –garden variety emotional distress and other related non-medical bill compensatory damages.

139.    By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

140.    As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant's and/or to deter them and others from like conduct in the future.

141.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in the IHRA.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT VII
## AGE DISCRIMINATION: TANGIBLE EMPLOYMENT ACTION
### *Violation under 775 ILCS 5, et seq.*

142.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

143.   Plaintiff was subjected to tangible employment actions including, but not limited to, being denied placement in positions for which she was qualified and possessed the requisite experience for and being terminated after reporting discrimination.

144.   Plaintiff's age was a contributing factor in suffering the tangible employment actions.

145.   As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – based on age, in violation of the IHRA – at the hands of Defendant during the course of Plaintiff's employment.

146.   As a direct and proximate result of Defendant' actions and/or omissions, Plaintiff has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

147.   As a direct and proximate result of Defendant' actions and/or omissions, Plaintiff has suffered – and continues to suffer –garden variety emotional distress and other related non-medical bill compensatory damages.

148.   By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

149.   As shown by the foregoing, Defendant' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter them and others from like conduct in the future.

150.    Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in the IHRA.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT VIII
## AGE DISCRIMINATION: RETALIATION
### *Violation under 775 ILCS 5, et seq.*

151.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

152.    As contained in this Petition, Plaintiff engaged in protected activities, including, but not limited to, reporting the age-discriminatory conduct of Defendant to Jackson.

153.    As a result of engaging in said protected activities, Plaintiff has suffered – and continues to suffer – adverse employment actions, as alleged in this Petition, including, but not limited to, termination from employment.

154.    Plaintiff's report of age discrimination was a contributing factor in suffering the adverse employment actions.

155.   As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – based on age, in violation of the IHRA – at the hands of Defendant during the course of her employment.

156.   As a direct and proximate result of Defendant' actions and/or omissions, Plaintiff has been – and continues to be – deprived of income, as well as other monetary and non-monetary benefits.

157.   As a direct and proximate result of Defendant' actions and/or omissions, Plaintiff has suffered – and continues to suffer –garden variety emotional distress and other related non-medical bill compensatory damages.

158.   By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the harassment and discrimination against Plaintiff.

159.   As shown by the foregoing, Defendant' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter them and others from like conduct in the future.

160.   Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided in the IHRA.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as

allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT IX
### DISABILITY DISCRIMINATION: HOSTLE WORK ENVIRONMENT
*Violation under 775 ILCS 5, et seq.*

161.    The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

162.    Plaintiff, by virtue of his disability, his back injuries, is a member of a class of persons protected by the IHRA.

163.    During the course of Plaintiff's employment with Defendant, Plaintiff was subjected to severe and unwelcome discrimination based on his disability, including, but not limited to, that contained within this Petition.

164.    The disability –offensive and –discriminatory conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

165.    At the time the disability –offensive and –discriminatory conduct occurred, and as a result of that conduct, Plaintiff believed his work environment to be hostile and/or abusive, and said conduct adversely affected the terms, conditions, and/or privileges of Plaintiff's employment with Defendant.

166.    Defendant knew or should have known of the disability discrimination as Plaintiff had previously informed Defendant of the same.

167.    Defendant failed to exercise reasonable care to prevent and promptly correct the aforementioned disability –offensive and –discriminatory conduct by Defendant, including, but not limited to, one or both of the following:

    a.  Failing to make good-faith efforts to establish and enforce policies to prevent illegal discrimination against its employees, including disability discrimination; and/or

    b.  Failing to properly train and/or otherwise inform their supervisors and employees concerning their duties and obligations under the civil rights laws, including the IHRA.

168.    Plaintiff's disability was, at the very least, a contributing factor in Defendant' disparate treatment of Plaintiff.

169.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of his disability, in violation of the IHRA – at the hands of Defendant during the course of Plaintiff's employment.

170.    As a direct and proximate result of Defendant' actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

171.    As a direct and proximate result of Defendant' actions and/or omissions, Plaintiff has suffered garden variety emotional distress and other related non-medical bill compensatory damages.

172.    By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the discrimination and retaliation against Plaintiff.

173.   As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter them and others from like conduct in the future.

174.   Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by the IHRA.

WHEREFORE, Plaintiff prays that this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

## COUNT X
## DISABILITY DISCRIMINATION: TANGIBLE EMPLOYMENT ACTION
### *Violation under 775 ILCS 5, et seq.*

175.   The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

176.   Plaintiff was subjected to tangible employment actions including, but not limited to, being terminated.

177.   Specifically, with regard to Plaintiff's termination claim:

    a. These working conditions were outrageous and while Plaintiff did not assume the worst immediately, Plaintiff's fears were confirmed by:

        i.   The inaction of Defendant in addressing and remedying the issues between Plaintiff and Jackson; and

      ii.   The discrimination against Plaintiff by Defendant.

  b.  Defendant knew of and participated in said discriminatory conduct;

  c.  Plaintiff gave Defendant a reasonable chance to resolve the problem, and no meaningful remedial actions were taken; and

178.   Plaintiff's disability was, at the very least, a contributing factor in suffering the tangible employment actions.

179.   As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of her disability, in violation of the IHRA – at the hands of Defendant during the course of Plaintiff's employment.

180.   As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

181.   As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered garden-variety emotional distress and other related non-medical bill compensatory damages.

182.   By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the discrimination, and retaliation against Plaintiff.

183.   As shown by the foregoing, Defendant' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in

an amount sufficient to punish Defendant and/or deter them and others from like conduct in the future.

184.   Plaintiff is entitled to recover reasonable attorneys' fees from Defendant, as provided by the IHRA.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorneys' fees; for costs; for interest; as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

**COUNT XI**
**DISABILITY DISCRIMINATION: RETALIATION**
***Violation under 775 ILCS 5, et seq.***

185.   The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

186.   As contained in this Petition, Plaintiff engaged in protected activities, including, but not limited to, reporting her disability and the discrimination that was a result of the same.

187.   As a result of engaging in said protected activities, Plaintiff has suffered adverse employment actions, as alleged in this Petition, including, but not limited to, being terminated.

188.   Specifically, with regard to Plaintiff's termination claim, Defendant retaliated against Plaintiff by:

a. Rendering working conditions intolerable for Plaintiff, as a result of her disability;

b. Defendant knew of and participated in said discriminatory conduct and the underlying conduct of Defendant was open and notorious;

c. Plaintiff gave Defendant a reasonable chance to resolve the problem, and no meaningful remedial actions were taken; and

d. Defendant intended to falsely accuse Plaintiff of violated company policy as a pretext for the disability discrimination.

189.    Plaintiff's engaging in said protected activities was, at the very least, a contributing factor in the adverse employment actions suffered by Plaintiff.

190.    As a direct and proximate result of the foregoing, Plaintiff suffered intentional discrimination – because of her disability, in violation of the IHRA – at the hands of Defendant during the course of her employment.

191.    As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

192.    As a direct and proximate result of the actions and/or omissions of Defendant, Plaintiff has suffered garden variety emotional distress and other related non-medical bill compensatory damages.

193.    By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized the discrimination and retaliation against Plaintiff.

194.    As shown by the foregoing, Defendant' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and/or to deter it and others from like conduct in the future.

195.    Plaintiff is entitled to recover reasonable attorney's fees from Defendant, as provided by the IHRA.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $25,000.00 as is deemed fair and reasonable; for reasonable attorney's fees; for costs; for interest, as allowed by law; and for such other and further relief deemed just and proper under the circumstances.

Respectfully submitted,

HOLLINGSHEAD & DUDLEY

/s/ John H. Moffitt, III
John H. Moffitt, III   #66091MO
7777 Bonhomme Avenue, Suite 2401
Saint Louis, Missouri 63105
Telephone:    (314) 480-5474
Facsimile:    (314) 594-0825
Email:         jmoffitt@hdtriallawyers.com

ATTORNEYS FOR PLAINTIFF