E-FILED
Monday, 11 February, 2019  02:07:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

MONICA HAWKINS,                          )
                                         )
                    Plaintiff,           )
                                         )
        vs.                              )   No.  2:18-cv-02263-CSB-EIL
                                         )
VERMILION COUNTY HOUSING                 )
AUTHORITY,                               )
                                         )
                    Defendant.           )

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COUNTS I THROUGH XI
OF PLAINTIFF'S COMPLAINT

Now comes Defendant, VERMILION COUNTY HOUSING AUTHORITY, by undersigned counsel, and for its Memorandum of Law in Support of its Motion to Dismiss Counts I through XI of Plaintiff's Complaint, pursuant to Rule 12(b)(6) , states as follows:

BACKGROUND

Plaintiff's Complaint against the Vermilion County Housing Authority (hereinafter "VHCA") purports to raise multiple claims of discrimination under 42 U.S.C. § 1981 (§1981), 42 U.S.C. §2000(e) *et seq.* ("Title VII"), and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA"). (Doc #1). In brief summary, Plaintiff alleges that on or about August 10, 2016, she began working for VCHA, with R.M. Jackson (hereinafter "Jackson") working as a supervisor over Plaintiff. Plaintiff alleges that during her approximately 90 day alleged employment with VCHA, she

encountered what she alleges were forms of sexual harassment on the part of Jackson. Plaintiff further alleges that during this time she allowed Jackson to move into Plaintiff's home with her, where virtually all of the purported conduct is alleged to have occurred, in the private residence the two were sharing, and not in the workplace of the VCHA. Plaintiff alleges that she met with VCHA's Housing Programs Manager, Liz Brewster in September 2016 to discuss her interactions with Jackson. Plaintiff alleges Jackson intercepted a call from the Executive Director of the City of Danville, Illinois' Housing Authority, whom Plaintiff contacted to discuss employment opportunities, and that because of that call Jackson threatened to terminate Plaintiff's alleged employment. Plaintiff alleges she began receiving less assignments and was denied a promotion to permanent employee status. Plaintiff alleges that during this time she continued to allow Jackson to live with her. Plaintiff alleges that she became aware of an Order of Protection filed by Jackson against Plaintiff on November 4, 2016. Plaintiff alleges she was notified of the termination of her employment with VCHA on November 10, 2016. (Doc #1).

STANDARD OF CONSIDERATION

To survive a motion to dismiss brought pursuant to Federal R. Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If it only

2

offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the complaint fails to satisfy the pleading requirements and dismissal is appropriate. *Id.*, quoting *Twombly*, 550 U.S. at 555. When evaluating a  Rule 12(b)(6) motion, a court must accept as true all well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). A court should not, however, accept as true a legal conclusion couched as a factual allegation or unsupported conclusions of fact. *Twombly*, 550 U.S. at 570.

ARGUMENT

Plaintiff's Complaint asserts eleven separate causes of action (Doc #1). Counts I and II allege racial discrimination and retaliation under §1981. Counts III, IV and V allege gender discrimination through claims of hostile work environment, retaliation, and a tangible employment action under the IHRA. Counts VI, VII and VIII allege age discrimination through claims of hostile work environment, retaliation, and a tangible employment action under the IHRA. Counts IX, X and XI allege disability discrimination through claims of hostile work environment, retaliation, and a tangible employment action under the IHRA. To raise a claim of discrimination there must be a showing of an adverse employment action. *Nichols v. S. Illinois Univ.-Edwardsville*, 510 F. 3d 772, 780 (7th Cir. 2007).  The only actionable conduct on the part of VCHA (Jackson's conduct is not relevant as explained below)

3

is the alleged termination of Plaintiff's alleged employment by VCHA. This Memorandum will identify why dismissal of all counts of the Complaint is proper.

<u>Counts I & II – Plaintiff Fails To State A Claim For</u>
<u>Discrimination On The Basis Of Race</u>

Counts I and II to raise claims of race discrimination cognizable under 42 U.S.C. § 1981, however, both Counts fail to properly plead any §1981 claim in light of the *Monell* doctrine. The *Monell* doctrine establishes that municipalities, such as housing authorities, cannot be held liable for the acts of its employees on a *respondeat superior* theory, and has been expanded beyond the original context of 42 U.S.C. §1983 claims, to include claims under §1981 as well. *Monell v. Dept. of Soc. Servs. Of City of New York*, 436 U.S. 658, 691 (1978); *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 738 (1989).

To plead a §1981 cause of action, Plaintiff must allege both that a constitutional violation has occurred and "the alleged violation of his right to employment was caused by an official policy, custom, or practice." *Monell*, 436 U.S. at 691. The constitutional violation can be shown by either a direct or indirect method. Under the direct method Plaintiff must establish that her race was a motivating factor in the adverse employment action. *Naficy v. Ill. Dep't of Human Servs.*, 697 F. 3d 504, 509 (7th Cir. 2012). The indirect method requires plaintiff to show: "1) she is a member of a protected class; 2) she met the employer's legitimate business expectation; 3) she suffered an adverse employment action; and 4) similarly situated employees outside of the protected class were treated more favorably." *Id.* at

511. If those requirements are met, the employer then bears the burden of establishing a legitimate, nondiscriminatory reason for the employment action. *Id.* The burden then shifts back to plaintiff to establish the employer's reason is pretextual. *Id.* at 511–12.

A "policy, custom, or practice" can take the form of: "(1) an ordinance or written directive; (2) a persistent custom that rises to the level of a de facto policy; or (3) an action taken by an official policymaker." *McTigue v. City of Chicago*, 60 F. 3d 381, 382 (7th Cir.1995). Because municipalities cannot be held liable under a *respondeat superior* theory, VCHA cannot be held liable based on the actions of non-policymakers. *Hearne v. Board of Educ. of City of Chicago*, 185 F.3d 770, 776-777 (7th Cir. 1999).  A complaint will only survive a motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). In the *Monell* context, a plaintiff is required to "'plead…factual content that allows the court to draw the reasonable inference' that the [municipal entity] maintained a policy, custom, or practice" that resulted in the deprivation of a constitutional right. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011), citing *Iqbal*, 556 U.S. at 678.

"Not every municipal official with discretion is a final policymaker," as "authority to make final policy in a given area requires more than mere discretion to act." *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 630 (7th Cir. 2009); see also *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 469 (7th Cir. 2001).

Instead, it must be determined whether the municipal official's "decisions are subject to review by a higher official or other authority." *Gernetzke*, 274 F.3d at 469. It is only appropriate to find liability against a municipality under this theory, where "the official who commits the alleged violation ... has authority that is final in the special sense that there is no higher authority." *Id.* The municipal official must actually possess "responsibility for making law or setting policy," such as "authority to adopt rules for the conduct of government," rather than "the mere authority to implement pre-existing rules...." *Rasche v. Vill. of Beecher*, 336 F.3d 588, 599-601 (7th Cir. 2003); see also *Auriemma v. Rice*, 957 F.2d 397, 400-401 (7th Cir. 1992). If the power is delegated, however, then the "person or entity with final policymaking authority must delegate the power to make policy, not simply the power to make decisions." *Darchak*, 580 F.3d at 630; see also *Kujawski v. Bd. of Comm'rs of Bartholomew Cty., Ind.*, 183 F.3d 734, 739 (7th Cir. 1999). An agent's ability to make hiring and firing decisions is not sufficient to be an "official policymaker." There must be a delegation of authority to actually set the policy regarding hiring and firing of individuals. *Kujawski*, 183 F.3d at 739; see also *Venters v. City of Delphi*, 123 F.3d 956, 966 (7th Cir.1997); *Radic v. Chicago Transit Auth.*, 73 F.3d 159, 161 (7th Cir.1996); *Auriemma*, 957 F.2d at 401.

Under the Illinois Housing Authority Act, the "presiding officer of the city, village, incorporated town or county" is charged with appointing five individuals to act as a Board of Commissioners, who is in charge of the given housing authority. 310

6

ILCS 10/3. One aspect of the power and authority of the housing authority's Board of Commissioners, is to employ personnel, which may include both officers and employees. 310 ILCS 10/6. The Board of Commissioners is directed to create by-laws and rules and regulations to be followed by the housing authority and its employees. 310 ILCS 10/6. Plaintiff alleges no facts or even a conclusion that the Board has delegated any of its authority to anyone else. There is no allegation that would suggest Jackson was delegated policy-making authority, or even the power to fire Plaintiff or anyone else; the Complaint does not allege Jackson terminated Plaintiff's alleged employment.  By statute it is clear Jackson reported to a higher authority: the Board of Commissioners of VCHA.

Although Plaintiff notes once that she is "bi-racial" in Count I, she fails to allege that Jackson was ever aware of Plaintiff's alleged bi-racial status, which would be necessary to make Plaintiff's race a motivating factor for any action taken by Jackson or VCHA, failing to meet the requirements of the direct method. (Doc #1, ¶76). Plaintiff also fails to allege any facts to establish that "similarly situated employees outside of the protected class were treated more favorably," failing to meet the requirements of the indirect method. *Naficy*, 697 F. 3d at 511. In fact, in the nearly eight pages Plaintiff uses to describe her interactions with Jackson over the course of her approximately 90 day alleged employment with VCHA, Plaintiff at no time alleges Jackson's acknowledgment of her race, let alone any fact that would remotely hint at any action taken by Jackson or VCHA because of Plaintiff's race.

7

(Doc #1, ¶¶5-74). Plaintiff similarly fails to allege any facts that point to any relevant policy, custom, or practice VCHA maintained that was applied to her. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 738 (1989). Counts I and II lack factual allegations that properly allege a claim of racial discrimination, and should be dismissed pursuant to Rule 12(b)(6).

This Court Should Relinquish Jurisdiction Over<br>All State Law Claims Brought Under the Illinois Human Rights Act.

Due to Plaintiff's failure to establish a federal cause of action under §1981 of the Civil Rights Act, this Court should dismiss all remaining counts, which are state claims brought under the IHRA, lacking federal jurisdiction. Plaintiff claims federal jurisdiction only for her claims pursuant to §1981 of the Civil Rights Act, 42 U.S.C. § 1981. Despite Plaintiff's cite to Title VII in paragraphs 1 and 9 of the Complaint, at no time does Plaintiff plead a cause of action under Title VII. (Doc #1, ¶¶ 1, 9). Plaintiff tacitly if not directly concedes there is no federal jurisdiction under Title VII, because VCHA lacks the requisite number of employees (15), alleging only that VCHA employed "6 or more employees," which bears no legal significance. (Doc #1, ¶ 8). Also see Doc # 1-2, reflecting EEOC's dismissal of Plaintiff's claim because "respondent employs less than the required number of employees." The remaining nine counts are state law claims pursuant to the IHRA, for which this Court could only have pendant jurisdiction.

Where all federal claims have been dismissed from the litigation prior to trial, "courts have discretion to decide whether to relinquish the remaining state-law

claims." *RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). It is a well-settled presumption that where the federal claims have been dismissed, the "court will relinquish federal jurisdiction over any supplemental state-law claims…, which the plaintiff can then prosecute in state court." *Al's Serv. Ctr. v. BP Prod. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). This presumption "in favor of relinquishing jurisdiction 'is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co.*, 672 F.3d at 479 (quoting *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir.1996). This presumption should only be rebutted by three factors, which include when "(1) the statute of limitations has run on the [supplemental] claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) [ ] it is absolutely clear how the [supplemental] claims can be decided." *Id.* (quoting *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir.2009).

Counts I and II brought under §1981 should be dismissed for failure to state a claim. Because of the dismissal of those Counts, the remaining state law claims should be dismissed, because (1) Plaintiff may be able to file in state court within the statute of limitations (735 ILCS 5/13-217); (2) a minimum of judicial resources have been expended at this time, as only the Complaint has been filed, and (3) it is far from clear that the state law claims should be decided in Plaintiff's favor. Id.

ISSUES ARISING UNDER PENDENT JURISDICTION

In the event this Court does not dismiss Counts I and II, and accepts pendent jurisdiction of the remaining Counts, the following is presented.

Counts III, IV and V – Plaintiff Fails To State A Claim For
Discrimination On The Basis Of Gender

Counts III, IV and V of the Complaint should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). In "evaluating claims of discrimination brought under the IHRA, courts should apply the same test employed by federal courts in evaluating causes of action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq." *Zaderaka v. Ill. Human Rights Comm'n*, 131 Ill. 2d 172, 178 (1989).

Like with a claim for discrimination under §1981, a plaintiff can prove her claim for discrimination on the basis of gender through either the direct or indirect methods, as described above. *Pasqua v. Metro. Life Ins. Co.*, 101 F.3d 514, 516 (7th Cir. 1996), citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 119 (1985) Perhaps most importantly, alleged gender discrimination, which includes sexual harassment, is not actionable when done without regard to gender. Stated another way, where the actions of the supervisor are allegedly inflicted on both males and females, there is no actionable discrimination. *Pasqua*, 101 F. 3d at 517.

Plaintiff fails to allege sufficient facts to establish a claim of discrimination on the basis of gender. Plaintiff fails to allege Jackson's purported conduct toward her

10

was because of her gender. In fact, Plaintiff alleged in her Complaint that "Jackson frequently made reference to Defendant VCHA's Commissioner Terry Prillaman's … genitalia." (Doc #1, ¶31). By Plaintiff's own account, Jackson's alleged conduct crossed gender lines to both males and females. Alleged conduct that crosses gender lines is not actionable under a theory of gender discrimination, because said conduct was done without regard to any specific gender. *Pasque*, 101 F. 3d at 517. Plaintiff's Complaint is completely lacking in any factual allegations to give rise to any theory of gender discrimination, and as such should be dismissed pursuant to Rule 12(b)(6).

<u>Counts VI, VII and VIII – Plaintiff Fails To State A Claim For Discrimination On The Basis Of Age</u>

Counts VI, VII and VIII of the Complaint should be dismissed for failure to state a claim upon which relief can be granted, pursuant to F.R.C.P. 12(b)(6). To prevail on a claim of age discrimination under the IHRA, Plaintiff must be able to prove that there was either disparate treatment or disparate impact on the part of VCHA, which was caused by Plaintiff's age. Under a theory of disparate treatment, Plaintiff must prove that her age was the "but-for cause of the challenged adverse employment action." C*arson v. Lake Cty., Indiana*, 865 F. 3d 526, 532 (7th Cir. 2017), citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009). Under a theory of disparate impact, Plaintiff must be able to demonstrate that a "specific, facially neutral employment practice caused a significantly disproportionate adverse impact based on age." Filipek, 312 F. Supp. 3d at 703, quoting *Carson*, 865 F. 3d at 536.

At no time throughout the Complaint, did Plaintiff allege any fact whatsoever that took account of her age. In fact, Plaintiff fails to even allege what her age is, let alone any action taken by Jackson that either acknowledged Plaintiff's age or showed any motivation because of Plaintiff's age. Plaintiff's Complaint is completely lacking in any factual allegations to give rise to any theory of age discrimination, and should be dismissed pursuant to Rule 12(b)(6).

<u>Counts IX, X and XI – Plaintiff Fails To State A Claim For<br>Discrimination On The Basis Of Disability</u>

Counts IX, X and XI of the Complaint should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). F.R.C.P. 12(b)(6). As shown with gender discrimination, disability discrimination claims under the IHRA are analyzed under the same framework for disability discrimination under Title VII, the ADEA and the ADA. *Nutall v. Terminals*, No. 1:14 CV 4738, 2015 WL 9304350, at *8 (N.D. Ill. 2015).

As with the allegation of age discrimination, at no time throughout the Complaint, does Plaintiff allege any event, activity or statement that took account of her disability while in the course of her employment. Plaintiff alleges that while she was allowing Jackson to live in her home, Jackson acted to intentionally prey upon Plaintiff's alleged disabilities, however, at no time throughout the Complaint did Plaintiff allege any fact pertaining to her alleged disabilities while at work or any action by Jackson in the course of her employment that even hinted at the existence of an alleged disability. Plaintiff's Complaint is completely lacking in any factual

allegations to give rise to any claim under the IHRA of disability discrimination in employment, and should be dismissed pursuant to Rule 12(b)(6).

<u>Plaintiff Cannot Recover Punitive Damages Against VCHA</u>

VCHA's status as a municipal corporation exempts it from the imposition of punitive damages under all counts of Plaintiff's Complaint. Municipalities and local government entities are immune from the imposition of punitive damages under the civil rights laws. *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). §1981 expressly prohibits punitive damages against a municipal corporation, such as a housing authority. 42 U.S.C. §1981a(b)(1). The purposes of these laws are not advanced by the imposition of punitive damages upon municipalities. *Newport*, 453 U.S. at 268. The Supreme Court has held that, "considerations of history and policy do not support exposing a municipality to punitive damages. . . ." *Id.* at 272.

The Illinois Tort Immunity Act protects government entities, including municipal corporations from the imposition of punitive damages. 745 ILCS 10/1-206. Housing authorities are municipal corporations. 310 ILCS 10/8.

The IHRA expressly describes what relief is available to a plaintiff, both through the Human Rights Commission or through a suit, which does not include punitive damages. 775 ILCS 5/8-111(A)(4), 775 ILCS 5/8A-104. Any claim of punitive damages, both under the §1981 and the IHRA should be stricken as a matter of law.

CONCLUSION

For all of the reasons set forth above, all Counts of Plaintiff's Complaint should be dismissed, and this Court should decline pendent jurisdiction over state law claims. Should this Court find that any claims asserted by Plaintiff are potentially viable, Plaintiff should be required to re-plead those claims in compliance with the Federal Rules of Civil Procedure. Finally, any claim for punitive damages must be stricken and/or dismissed as a matter of law.

VERMILION COUNTY HOUSING AUTHORITY, Defendant

By /s/ Gregory C. Ray
    Gregory C. Ray
    Of  Craig & Craig, LLC
        1807 Broadway Avenue
        PO Box 689
        Mattoon, IL 61938-0689
        Telephone:  217/234-6481
        Facsimile:   217/234-6486
        Email:  gcr@craiglaw.net
    Its Attorneys

CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on this date, I electronically filed the foregoing Memorandum of Law in Support of Defendant's Motion to Dismiss Counts I through XI of Plaintiff's Complaint, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John H. Moffitt, III          jmoffitt@hdtriallawyers.com
Of Hollingshead & Dudley
7777 Bonhomme Avenue, Suite 2401
St. Louis, Missouri  63105

DATED this 11th day of February, 2019.

/s/ Gregory C. Ray
Gregory C. Ray
Of  Craig & Craig, LLC
    1807 Broadway Avenue
    PO Box 689
    Mattoon, IL 61938-0689
    Telephone:  217/234-6481
    Facsimile:   217/234-6486
    Email:  gcr@craiglaw.net
    Its Attorneys